## PEARL WIESELMAN *v.* FELICIA S. HOENIGER
### (AC 28014)

Flynn, C. J., and Gruendel and Harper, Js.

Argued April 30—officially released September 4, 2007

*James H. Lee*, for the appellant (plaintiff).

*Donald A. Mitchell*, for the appellee (defendant).

*Opinion*

HARPER, J. In this fraudulent conveyance action, the plaintiff, Pearl Wieselman, appeals from the judgment of the trial court in favor of the defendant, Felicia S. Hoeniger. On appeal, the plaintiff claims that the court improperly determined that no fraudulent conveyance

occurred because the court improperly (1) allocated the burden of proof and (2) applied General Statutes § 52-552e[1] by requiring that the transferee share in the transferor's fraudulent intent. We disagree with the arguments advanced by the plaintiff and, accordingly, affirm the judgment of the trial court.

The following facts, as found by the court, and procedural history are relevant to the issues on appeal. Berthold Hoeniger (Hoeniger)[2] was the plaintiff's lawyer and is the defendant's father. He and the plaintiff shared a personal relationship, in addition to their business relationship, since the 1980s. Hoeniger acted as the plaintiff's counsel beginning in the 1980s and continuing until the end of 1999, after he told the plaintiff that he had sold the property at issue in this case. During their relationship, the plaintiff loaned Hoeniger money upon his request.[3]

The plaintiff loaned $75,000 to Hoeniger in August, 1994, and an additional $10,000 in August, 1995. As security for the first loan, Hoeniger mailed to the plaintiff a warranty deed to real estate that he owned in Bridgewater.[4] The plaintiff did not record the deed until

[1] General Statutes § 52-552e (a) provides in relevant part: "A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made or the obligation was incurred and if the debtor made the transfer or incurred the obligation: (1) With actual intent to hinder, delay or defraud any creditor of the debtor . . . ."

[2] We refer in this opinion to the defendant's father, Berthold Hoeniger, as Hoeniger. We refer to Felicia Hoeniger as the defendant.

[3] Hoeniger executed documents and received money from the plaintiff individually and by way of the Berthold Hoeniger Pension Trust and by way of his law firm account. We agree with the court that, for relevant purposes, there is no difference between any of these entities. As such, all of these entities will be referred to as the debtor-transferor without making any further distinction.

[4] Hoeniger testified that he intended to send the plaintiff a mortgage deed and not a warranty deed. The court noted that this was "an enormous and curious blunder, especially for a lawyer with [his] legal background."

January 5, 2001, well after Hoeniger had transferred the property to the defendant. As of February, 1999, Hoeniger owed the plaintiff $85,000, plus interest.[5]

On February 19, 1999, Hoeniger sold the property to the defendant for $176,500, which the court found to be reasonable consideration. The plaintiff learned of the transfer in December, 1999, and filed the original complaint in this action on January 31, 2003.

On April 23, 2003, the plaintiff filed an amended complaint alleging that the transfer of the property was a fraudulent conveyance in violation of § 52-552e because the transfer was made with the actual intent to hinder, delay or defraud the plaintiff. The plaintiff alleged that the defendant was an insider, as defined by General Statutes § 52-552b (7),[6] and that the defendant took title to the property from a debtor of the plaintiff, which property already had been pledged to the plaintiff as collateral for an outstanding debt.

The case was tried to the court in March, 2006. On August 11, 2006, the court determined that the plaintiff did not prove by clear and convincing evidence that a fraudulent transfer occurred. This finding was based, in part, on the court's finding that the consideration for the transfer was reasonable. Additionally, the court concluded that even if the evidence weighed in favor of the plaintiff, she did not prove by clear and convincing evidence that the defendant intended to defraud the plaintiff. On August 31, 2006, the plaintiff filed this appeal.

I

The plaintiff first claims that the court improperly allocated the burden of proof in this fraudulent conveyance action. The plaintiff concedes that as a general

[5] We note that there is some evidence of minimal payments toward this obligation totaling approximately $14,000.

[6] General Statutes § 52-552b (7) provides in relevant part: " 'Insider' includes: (A) If the debtor is an individual, (i) a relative of the debtor . . . ."

rule, she had the burden of proving fraudulent intent by clear, precise and unequivocal evidence. See *Dietter* v. *Dietter*, 54 Conn. App. 481, 488, 737 A.2d 926, cert. denied, 252 Conn. 906, 743 A.2d 617 (1999). She claims, however, that because Hoeniger was her attorney, he owed her a fiduciary duty. Under these circumstances, she contends that the court should have shifted the burden of proof to the defendant to establish fair and equitable dealing by clear and convincing evidence.[7]

The defendant responds that the court properly allocated the burden of proof to the plaintiff because the plaintiff's amended complaint alleged neither the existence of a fiduciary relationship with the defendant nor the breach of a fiduciary duty by the defendant. Furthermore, the defendant argues that the plaintiff provided no legal precedent to support her claim that the plaintiff's fiduciary relationship with a nonparty should be imputed to the defendant, thereby requiring the burden to shift. We agree with the defendant that there was no basis for the court to have shifted the burden of proof to her and that the court therefore properly allocated the burden of proof to the plaintiff.

Prior to examining the plaintiff's claim, we set forth the standard of review. "When a party contests the burden of proof applied by the court, the standard of review is de novo because the matter is a question of

[7] We note that in this case, the burden that is shifting is the burden of proof. In common-law fraud cases, the plaintiff has the burden of proving fraud by clear and convincing evidence. When a plaintiff alleges fraud *and* the existence of a fiduciary duty, however, the plaintiff has only the burden of proving that the other party owed him or her a fiduciary duty. Once the plaintiff has demonstrated that a fiduciary relationship exists, the burden is lifted from the plaintiff and placed on the fiduciary. Specifically, the burden placed on the fiduciary is the burden to prove that the fiduciary's conduct was fair and equitable. If the fiduciary is able to meet this burden, then the plaintiff's case fails because if the behavior was fair and equitable, it is axiomatic that the behavior was not fraudulent.

law." (Internal quotation marks omitted.) *Rollar Construction & Demolition, Inc.* v. *Granite Rock Associates, LLC*, 94 Conn. App. 125, 133, 891 A.2d 133 (2006). "A party who seeks to set aside a transfer as fraudulent bears the burden of proving fraudulent intent by clear and convincing evidence." *Dietter* v. *Dietter*, supra, 54 Conn. App. 488. In common-law fraud cases in which the party alleging fraud first proves that the other party owed them a fiduciary duty,[8] our courts have shifted the burden of proof to the fiduciary to prove fair dealing by clear and convincing evidence.[9] *Murphy* v. *Wakelee*, 247 Conn. 396, 400, 721 A.2d 1181 (1998).

The Uniform Fraudulent Transfer Act (act), General Statutes § 52-552a et seq., which was in effect at the time of the conveyance at issue, "is largely an adoption and clarification of the standards of the common law [of fraudulent conveyances]." (Internal quotation marks omitted.) *Litchfield Asset Management Corp.* v. *Howell*, 70 Conn. App. 133, 145 n.7, 799 A.2d 298, cert. denied, 261 Conn. 911, 806 A.2d 49 (2002). According to General Statutes § 52-552k, "[u]nless displaced by the provisions of sections 52-552a to 52-552*l*, inclusive, the principles of law and equity, including . . . the law relating to . . . fraud . . . supplement the provisions of said section."

The plaintiff claims that although the court applied the clear and convincing standard of proof required to

[8] "Our law on the obligations of a fiduciary is well settled. [A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." (Internal quotation marks omitted.) *Murphy* v. *Wakelee*, 247 Conn. 396, 400, 721 A.2d 1181 (1998).

[9] We note that shifting the burden of proof when a fiduciary relationship is found to exist arises out of equity, i.e., fairness. It is only fair that one who is under a duty to act for the benefit of the other, i.e., a fiduciary, should have to prove that he acted fairly and equitably.

establish a fraudulent transfer, it did so to the wrong party, and, thus, the judgment should be reversed. The plaintiff argues that once the court found the existence of an attorney-client relationship, the burden of proving fair dealing should have shifted to the defendant. We agree with the plaintiff that the existence of an attorney-client relationship imposes a fiduciary duty on the attorney because such a relationship is "characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Internal quotation marks omitted.) *Guilietti* v. *Guilietti*, 65 Conn. App. 813, 835, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96, 97 (2001). We disagree, however, that the fiduciary duty that arose from the attorney-client relationship can be imputed to the defendant, thereby requiring the burden of proof to shift to the defendant.

The plaintiff does not cite, and we are unaware of, any case law establishing that, as a matter of law, the burden of proof shifts from the plaintiff to the defendant on the basis of the plaintiff's relationship with Hoeniger, a nonparty. Also, neither the act nor equity supports the plaintiff's claim that the duty owed by Hoeniger should be imputed to the defendant.

Furthermore, the complaint neither alleged that the defendant was a fiduciary nor did it set forth facts from which a fiduciary relationship might be implied. See *United Components, Inc.* v. *Wdowiak*, 239 Conn. 259, 264, 684 A.2d 693 (1996). In a case such as the one before us, in which the plaintiff has neither pleaded nor proven that the defendant owed her a fiduciary duty, the burden of proof remains with the plaintiff. We therefore conclude that the court correctly placed the burden of proof on the plaintiff.

II

The plaintiff also claims that the court improperly applied § 52-552e by requiring her to prove by clear and convincing evidence that the defendant shared in the transferor's intent. Although we agree that the court did not set forth the proper legal standard in regard to the transferee's intent, we conclude that any error in this regard was harmless because the transferee's intent did not have a bearing on the outcome of this case.

We note at the outset that our analysis of whether the court applied the correct legal standard is a question of law subject to plenary review. *Fish* v. *Fish*, 90 Conn. App. 744, 754, 881 A.2d 342, cert. granted on other grounds, 275 Conn. 924, 883 A.2d 1243 (2005).

The act is found in § 52-552a et seq. General Statutes § 52-552e (a) provides in relevant part that "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation: (1) With actual intent to hinder, delay or defraud any creditor of the debtor . . . ." Prior to the adoption of the act, the plaintiff had to prove (1) that the transferor had intent to defraud the creditor and (2) that the transferee shared in the transferor's fraudulent intent. *Bizzoco* v. *Chinitz*, 193 Conn. 304, 312, 476 A.2d 572 (1984). With the adoption of the act, § 52-552e (b)[10] sets forth the factors that a court may

---

[10] General Statutes § 52-552e (b) provides: "In determining actual intent under subdivision (1) of subsection (a) of this section, consideration may be given, among other factors, to whether: (1) The transfer or obligation was to an insider, (2) the debtor retained possession or control of the property transferred after the transfer, (3) the transfer or obligation was disclosed or concealed, (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit, (5) the transfer was of substantially all the debtor's assets, (6) the debtor absconded, (7) the debtor removed or concealed assets, (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred, (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred, (10) the transfer occurred shortly before or shortly after a substantial debt was incurred, and (11) the debtor transferred the

consider when determining whether a debtor had the actual intent to defraud his or her creditor. The plain language in § 52-552e addresses the fraudulent intent of the debtor and makes no mention of the fraudulent intent of the transferee. In this case, the court found that the transfer was not fraudulent because the plaintiff did not establish by clear and convincing evidence a fraudulent intent on the part of Hoeniger. Having reached that conclusion, there was no need to determine whether the defendant intended to effectuate a fraudulent conveyance. Such a finding renders any further inquiry into the intent of the transferee unnecessary.

In its memorandum of decision, the court properly stated that the determination of whether a fraudulent conveyance took place is solely a question of fact to be determined by the trier of fact. The court properly set forth the provisions of § 52-552e (a) and the factors to be considered as enumerated in § 52-552e (b). The court, citing *Bizzoco* v. *Chinitz*, supra, 193 Conn. 312, however, improperly stated that "the plaintiff bears the burden of proving that the subject conveyance was made with a fraudulent intent in which the grantee (defendant) participated." Although improper, this misstatement of the law is harmless because once the court found that the "evidence weighs in the defendant's favor in this action for fraud," further inquiry into the transferee's intent was no longer necessary.

Additionally, we decline to upset the court's finding that a fraudulent transfer did not occur pursuant to § 52-552e. "The determination of whether a fraudulent transfer took place is a question of fact and it is axiomatic that [t]he trial court's [factual] findings are binding upon this court unless they are clearly erroneous in

---

essential assets of the business to a lienor who transferred the assets to an insider of the debtor."

light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Greco* v. *Greco*, 275 Conn. 348, 359, 880 A.2d 872 (2005). This court has held that "[t]he determination of the question of fraudulent intent is clearly an issue of fact which must often be inferred from surrounding circumstances. . . . Such a fact is, then, not ordinarily proven by direct evidence, but rather, by inference from other facts proven—the indicia or badges of fraud." (Internal quotation marks omitted.) *Dietter* v. *Dietter*, supra, 54 Conn. App. 487. The court specifically considered the factors enumerated in § 52-552e (b) and determined that the transfer of the property at issue from Hoeniger to the defendant on February 19, 1999, was not fraudulent.

As the fact finder, the court was entitled to accept the testimony of Hoeniger that he did not intend to give the plaintiff a security interest in the property that he transferred to his daughter, the defendant. See *Boccanfuso* v. *Conner*, 89 Conn. App. 260, 292, 873 A.2d 208 (trier free to accept or reject, in whole or in part, testimony offered by either party), cert. denied, 275 Conn. 905, 882 A.2d 668 (2005). The court was entitled, similarly, to accept the testimony of the defendant and Hoeniger that he also owed the defendant $30,000. The court was further entitled to find that although the transfer was to an insider, all the other factors enumerated in § 52-552e (b) weighed in favor of a finding that the transfer was not fraudulent. We conclude that the court properly applied § 52-552e and that the facts in the record support the court's finding that there was

no fraudulent intent on the part of Hoeniger. The court never found that he had fraudulent intent; thus, its hypothetical inquiry into the defendant's intent had no bearing on the outcome of the case.

The judgment is affirmed.

In this opinion the other judges concurred.