JUDITH DESHPANDE v. ANIRUDDHA DESHPANDE
(AC 33366)

DiPentima, C. J., and Alvord and Bishop, Js.

Argued December 10, 2012—officially released May 7, 2013

William F. Gallagher, for the appellant (defendant).

William H. Cashman, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, Aniruddha Deshpande, appeals from the judgment of the trial court rendered in connection with the underlying dissolution action in which the court entered an order for child support[1] and from the judgment of the trial court denying his motions for modification of the child support order. The defendant claims that the court (1) improperly entered a child support order without finding the presumptive amount of child support due under the child support and arrearage guidelines[2] or explaining the reasons for any deviation from the presumptive amount, as required by General Statutes § 46b-215b (a); (2) improperly refused to allow him to introduce evidence pertaining to the financial circumstances of the plaintiff, Judith Deshpande, in order to establish grounds for a modification of the child support order; (3) improperly refused to allow him to present evidence

[1] The defendant challenges the court's judgment only with respect to its child support order. The defendant does not challenge the court's judgment dissolving the marriage.

[2] The guidelines are set forth in § 46b-215a-1 et seq. of the Regulations of Connecticut State Agencies.

regarding certain factors[3] supporting a deviation from the presumptive child support amount under the guidelines; and (4) erroneously stated in its memorandum of decision that a hearing was held to address his two motions for modification. We agree with the defendant's first claim and, accordingly, reverse the judgment of the court.[4]

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The parties married on September 6, 1991. They have three children, all of whom had yet to reach the age of twenty-three at the time of the court's judgment. The plaintiff filed a marital dissolution complaint on November 24, 2009. On May 13, 2010, the parties filed an agreement in which the defendant agreed to pay to the plaintiff $322 per week in child support. The court, *Markle, J.*, approved the agreement and made it an order of the court. On November 4, 2010, the parties filed an agreement modifying the May 13, 2010 agreement. The defendant again agreed to pay to the plaintiff $322 per week in child support. The court, *Abery-Wetstone, J.*, approved the modified agreement and made it an order of the court. In approving each agreement, the court did not make any finding regarding the presumptive amount of child support due under the child support guidelines nor did it make a finding regarding any deviation from the guidelines.[5] The defendant did not appeal from the court's November 4, 2010 order.

---

[3] Specifically, the defendant claims that the court refused to allow him to present evidence regarding recurring contributions or gifts from the plaintiff's domestic partner and his claim of extraordinary parental expenses for health care.

[4] Because we reverse the court's February 8, 2011 judgment with respect to its child support order, we do not reach the defendant's other three claims, which concern the court's denial of his motions for modification of that order.

[5] With respect to the May 13, 2010 agreement, there was no space designated for the court, *Markle, J.*, to specify the presumptive amount of support and the court did not refer to the presumptive amount anywhere on the form. On the form that the court, *Abery-Wetstone, J.*, signed approving the parties' November 4, 2010 agreement, no responses were provided in the

On January 10, 2011, the defendant filed a motion to modify the court's November 4, 2010 order. In the motion, the defendant requested that the court decrease the amount of child support to be paid. On January 27, 2011, the court, *Hon. James G. Kenefick, Jr.*, judge trial referee, ordered the defendant's motion for modification to be addressed at the final hearing on the divorce. That trial was held on February 7 and 8, 2011. At trial, the court, *Gould, J.*, denied the defendant's January 10, 2011 motion for modification. In rendering its judgment of dissolution, the court ordered the defendant to continue paying $322 per week in child support. Neither at trial nor in its judgment of dissolution did the court make any finding regarding the presumptive amount of child support due under the statutory child support guidelines nor did it make a finding regarding a deviation from the guidelines.

On February 14, 2011, the defendant filed a second motion to modify the court's child support order. A hearing on the motion was held on March 24, 2011. At the conclusion of the hearing, the court, *Gould, J.*, denied the defendant's motion. On March 29, 2011, the defendant filed a motion for reargument and reconsideration of the court's denial of his motion for modification, which the court denied on March 31, 2011. On April 15, 2011, the defendant appealed from the March 24, 2011 judgment of the court denying his February 14, 2011 motion to modify the court's child support order and from the February 8, 2011 judgment of dissolution with respect to the order of child support and the denial of his first motion for modification.[6]

spaces that asked for the presumptive amount under the guidelines, for the reason(s) explaining any deviation from the presumptive amount, and whether the child support provisions of the agreement complied with the child support guidelines. The court did not make any additions to the form that referred to the presumptive amount. In addition, we note that, although there are two child support guideline worksheets in the record, the court made no reference to the worksheets or their contents in its findings.

[6] Although the defendant did not timely appeal from the court's February 8, 2011 judgment or the court's judgment denying his first motion for modifi-

The defendant claims that the court erred by entering a child support order without making an initial finding that specified the presumptive amount of his child support obligation under the statutory child support guidelines as mandated by General Statutes § 46b-215b (a). Further, the defendant claims that, to the extent that the court's child support order deviated from the presumptive amount, the court failed to make any findings explaining the reasons for its deviation.[7] We agree.

We first set forth the standard of review and applicable law governing the defendant's claim. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every

cation, the plaintiff did not move to dismiss as untimely any portion of the defendant's appeal.

[7] The plaintiff does not dispute the applicability of the child support guidelines in this case or that it is a mandatory requirement for the court to make a finding regarding the presumptive amount of support due under the guidelines. The plaintiff's sole response to the defendant's first claim is that the defendant's appeal of the court's November 4, 2010 and February 8, 2011 orders was not timely. As noted in footnote 6 of this opinion, the plaintiff did not raise this claim in a motion to dismiss within ten days of the filing of the defendant's appeal, as required by Practice Book § 66-8. Because she failed to file a motion to dismiss within ten days of the filing of the defendant's appeal, the plaintiff waived her right to seek a dismissal of the defendant's appeal as untimely. See *Rubenstein* v. *Rubenstein*, 107 Conn. App. 488, 499, 945 A.2d 1043, cert. denied, 289 Conn. 948, 960 A.2d 1037 (2008). Further, we note that "the failure to take an appeal within the proper time is not a jurisdictional defect, but merely renders an appeal voidable." *State* v. *Johnson*, 301 Conn. 630, 641 n.11, 26 A.3d 59 (2011).

We also note that, in her "statement of the proceedings," the plaintiff appears to contradict her claim that a presumptive finding is mandatory by stating that the "court did not need to make any findings relative to the presumptive amount of child support under the guidelines." The plaintiff has cited no authority for this proposition and, for the reasons set forth in this opinion, we reject any suggestion that the court was not required to make a finding regarding the presumptive amount of child support.

reasonable presumption in favor of the correctness of its action. . . . Notwithstanding the great deference accorded the trial court in dissolution proceedings, a trial court's ruling . . . may be reversed if, in the exercise of its discretion, the trial court applies the wrong standard of law." (Citations omitted; internal quotation marks omitted.) *Maturo* v. *Maturo*, 296 Conn. 80, 87–88, 995 A.2d 1 (2010).

Section 46b-215b (a) provides: "The child support and arrearage guidelines issued pursuant to section 46b-215a, adopted as regulations pursuant to section 46b-215c, and in effect on the date of the support determination *shall* be considered in *all* determinations of child support award amounts, including any current support, health care coverage, child care contribution and past-due support amounts, and payment on arrearages and past-due support within the state. In all such determinations, there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under the deviation criteria established by the Commission for Child Support Guidelines under section 46b-215a,[8] *shall be required* in order to rebut the presumption in such case." (Emphasis added.)

"The guidelines incorporate these statutory rules and contain a schedule for calculating the basic child support obligation, which is based on the number of children in the family and the combined net weekly income of the parents. . . . Consistent with . . . § 46b-215b (a), the guidelines provide that the support amounts calculated thereunder are the correct amounts to be

---

[8] The deviation criteria are set forth in § 46b-215a-3 of the Regulations of Connecticut State Agencies.

ordered by the court unless rebutted by a specific find-
ing on the record that the presumptive support amount
would be inequitable or inappropriate. . . . The find-
ing *must* include a statement of the presumptive sup-
port amount and explain how application of the
deviation criteria justifies the variance. . . . [Our
Supreme Court] has stated that the reason why a trial
court must make an on-the-record finding of the pre-
sumptive support amount before applying the deviation
criteria is to facilitate appellate review in those cases
in which the trial court finds that a deviation is justified.
. . . In other words, the finding will enable an appellate
court to compare the ultimate order with the guideline
amount and make a more informed decision on a claim
that the amount of the deviation, rather than the fact
of a deviation, constituted an abuse of discretion." (Cita-
tions omitted; emphasis in original; internal quotation
marks omitted.) *Kiniry* v. *Kiniry*, 299 Conn. 308, 319–
20, 9 A.3d 708 (2010); *O'Brien* v. *O'Brien*, 138 Conn.
App. 544, 550, 53 A.3d 1039 (2012).

Section 46b-215a-3 (a) of the Regulations of Connecti-
cut State Agencies provides in relevant part: "An
agreement of the parties may be sufficient to rebut
the presumption when such finding cites one or more
deviation criteria, which may include other equitable
factors, to support such agreement. Any such finding
shall state the amount that would have been required
under such sections and include a factual finding to
justify the variance. Only the deviation criteria stated
in the lettered subparagraphs of subdivisions (1) to (6),
inclusive, of subsection (b) of this section, and indicated
by the check boxes in section VII of the worksheet,
shall establish sufficient bases for such findings." In
*Tuckman* v. *Tuckman*, 308 Conn. 194, 61 A.3d 449
(2013), our Supreme Court recently stated that "the
applicable statutes, as well as the guidelines, provide

that *all child support awards* must be made in accordance with the principles established therein to ensure that such awards promote equity, uniformity and consistency for children at all income levels." (Emphasis altered; internal quotation marks omitted.) Id., 206.

It is evident from our thorough review of the record that the court failed to make any findings regarding the presumptive amount of child support under the guidelines or regarding a deviation from that amount. Although the May 13, 2010 and November 4, 2010 agreements by the parties—both of which were approved by the court and incorporated into its orders—specified a child support amount of $322 per week, neither agreement stated the presumptive amount of support that should have been calculated in accordance with the child support guidelines. As previously noted, an agreement of the parties may be sufficient to rebut the presumption that the support amount calculated under the guidelines is the correct amount; however, the court must still make such a finding, cite one or more deviation criteria to support the agreement, state the amount that would have been required under such sections and make a factual finding to justify the variance. Regs., Conn. State Agencies § 46b-215a-3. Here, the court made no such findings.

At no time during the trial on February 7 and 8, 2011, did the court state the presumptive amount of support due under the guidelines or make any reference whatsoever to the guidelines. Instead, the court stated only that the $322 per week in child support on which the parties previously agreed would continue. Similarly, the court failed to make any reference to the presumptive amount in its February 8, 2011 judgment containing its final order requiring the defendant to continue to pay $322 in child support.[9] Because the court failed to specify the presumptive amount or make any findings

---

[9] Even if the court had made findings regarding the presumptive support amount and any deviation therefrom prior to the judgment of dissolution, the

regarding a deviation from that amount, we can only speculate as to the amount, whether the court's child support order deviated from that amount and, to the extent that there was a deviation, whether the circumstances of this case justified a variance from the presumptive amount based on the court's application of the deviation criteria. Therefore, we conclude that the court abused its discretion by rendering a child support order without first articulating the presumptive amount due under the child support guidelines or explaining any deviation from that amount.

The judgment is reversed only with respect to the order of child support and the case is remanded for further proceedings consistent with this opinion.

In this opinion BISHOP, J., concurred.

ALVORD, J., dissenting. I do not disagree with the majority's legal analysis with respect to a trial court's obligation to make a factual finding regarding the presumptive amount of child support due under the child support and arrearage guidelines prior to entering a child support order. I respectfully dissent, however, because I believe this court should not reach the merits of a collateral attack on a dissolution judgment that was not timely appealed. For that reason, I would affirm the judgment of the trial court.

With respect to the majority's statement of the facts, I would emphasize the fact that the plaintiff, Judith Deshpande, and the defendant, Aniruddha Deshpande, agreed on a specified weekly amount for child support, based on their earning capacities, on November 4, 2010.[1]

court was obligated to make an independent, on-the-record determination of the presumptive support amount in its *final* orders contained in the judgment of dissolution. See *Kiniry* v. *Kiniry*, supra, 299 Conn. 321–22.

[1] The November 4, 2010 agreement provided that the defendant was to pay $322 per week for child support and 44 percent of the children's unreimbursed medical expenses. The parties previously had agreed to those amounts in an earlier court approved agreement filed on May 13, 2010.

The agreement of the parties was reached with the assistance of the family relations office and was signed by the plaintiff, the defendant and their respective attorneys. The court, *Abery-Wetstone, J.*, did not make a finding of the presumptive amount for child support or indicate whether there were any deviation criteria when it accepted the parties' agreement and made it an order of the court.

Subsequently, after a two day trial, a judgment of dissolution was rendered by the court, *Gould, J.*, on February 8, 2011. At that time, the court ordered the defendant to continue paying the amount of child support that had been agreed upon by the parties, and made an order of the court, as requested by the parties, in November, 2010. The defendant represented himself at the dissolution trial and now was dissatisfied with that amount.[2] He requested that the court decrease his child support obligation. The court told him that either party could file a postjudgment motion for modification. When rendering the dissolution judgment, the court did not make a finding of the presumptive amount for child support or indicate whether there were any deviation criteria when it entered the agreed upon, earning capacity child support order, although there were two child support guideline worksheets in the file. The self-represented defendant did not appeal timely from the judgment of dissolution in which the pendente lite child support order had become a final order.

Significantly, in addition to continuing the defendant's agreed upon obligation to pay $322 per week for child support and 44 percent of the children's unreimbursed medical expenses, the November 4, 2010 agreement contained the following language: "The parties agree that this is a final agreement regarding the issues in this paragraph and the other paragraphs of the May 13, 2010 agreement not modified above."

[2] During the trial, the defendant claimed that the November 4, 2010 agreement was not a final agreement with respect to his request to lower his child support obligation. The defendant maintained, however, that the November 4, 2010 agreement was a "binding final agreement" with respect to his alimony obligation ($1 per year) in his trial motion in limine to exclude testimony and argument regarding alimony filed on February 7, 2011.

Less than one week after the judgment of dissolution was rendered, the defendant filed a motion to modify the court's child support order. The court denied the defendant's postjudgment motion after a hearing on March 24, 2011, on the ground that he had failed to demonstrate a substantial change of circumstances. After the court's denial of the defendant's motion for reargument and reconsideration, which had been filed pursuant to Practice Book § 11-11, the defendant timely appealed from the court's judgment denying his February 14, 2011 motion to modify the child support order. The defendant again was represented by counsel when he filed his appeal on April 15, 2011. The appeal form noted that the defendant, in addition to appealing from the denial of the motion for modification of child support, was appealing from "the judgment." The judgment of dissolution, however, was rendered on February 8, 2011, and any appeal from that judgment should have been filed on or before February 28, 2011. See Practice Book § 63-1.

The plaintiff did not file a motion to dismiss that portion of the appeal challenging the judgment of dissolution. See Practice Book § 66-8. By motion dated May 10, 2011, the defendant requested that the trial court "articulate the factual and legal basis of its rulings on February 8 and March 24, 2011, denying [the] defendant's motions for modification of child support." The plaintiff timely filed an objection, claiming, inter alia, that "[n]either the appeal nor the articulation was filed within the 20-day appeal period from the judgment on February 8, 2011." The plaintiff additionally raised the issue of the untimeliness of the appeal with respect to the judgment of dissolution in her brief filed with this court. The defendant, in his reply brief, argued that the plaintiff waived any right to challenge the timeliness of his appeal because she had failed to file a motion to dismiss within ten days of the filing of the appeal. The

majority agrees with the defendant's position in his reply brief and proceeds to review the merits of the defendant's claim relating to the failure to make factual findings about the child support guidelines. It then reverses the judgment of the trial court despite the defendant's failure to timely appeal from that judgment.

Because the amount of child support was not challenged until two months after that order had entered, I consider the defendant's claim to be a collateral attack on the underlying judgment.[3] I do not believe that we are compelled to review this stale claim simply because the plaintiff did not attack the untimeliness by way of a motion to dismiss. The appeal form did not make it clear that the appeal was being taken from the judgment rendered on February 8, 2011. The defendant simply referred to "the judgment" and did not specify that it was the judgment of dissolution. Parties often refer to decisions on postjudgment motions as being judgments. Furthermore, the preliminary statement of issues filed by the defendant at that time was limited to: "Did the court err in denying defendant's motions for modification of child support?" When it became clear that the defendant was challenging the underlying judgment at the time he filed his motion for articulation, the plaintiff immediately filed her objection to the untimeliness of that portion of the appeal addressing the underlying dissolution judgment.

I conclude that this court has the discretion to refuse to review stale claims and collateral attacks on judgments regardless of whether the opposing party timely

---

[3] "Unless a litigant can show an absence of subject matter jurisdiction that makes the prior judgment of a tribunal entirely invalid, he or she must resort to direct proceedings to correct perceived wrongs . . . . A collateral attack on a judgment is a procedurally impermissible substitute for an appeal." (Internal quotation marks omitted.) *Urban Redevelopment Commission* v. *Katsetos*, 86 Conn. App. 236, 244, 860 A.2d 1233 (2004), cert. denied, 272 Conn. 919, 866 A.2d 1289 (2005).

challenges those claims by way of a motion to dismiss. We should not be bound by any claimed waiver. In *Nicoll* v. *State*, 38 Conn. App. 333, 661 A.2d 101 (1995), this court addressed the reasons for dismissing an untimely appeal. Chief Judge Dupont wrote: "It is well settled that this court has jurisdiction to consider late appeals *if, in our discretion, we choose to do so. . . .* This is so even when a party timely moves to dismiss an untimely appeal. . . . Given the large number of appeals and motions filed in this court, however, we have adopted a policy that gives precedence to those appeals that are timely filed in compliance with Practice Book § [63-1]. Therefore, when a motion to dismiss that raises untimeliness is, itself, timely filed . . . it is ordinarily our practice to dismiss the appeal if it is in fact late, and if no reason readily appears on the record to warrant an exception to our general rule.

*"This practice is based in part on the fact that if the untimely appeal is entertained, a delinquent appellant would obtain the benefit of the appellate process after contributing to its delay, to the detriment of others with appeals pending who have complied with the rules and have a right to have their appeals determined expeditiously."* (Citations omitted; emphasis added.) Id., 335–36.

If we have discretion to consider a late filed appeal, I believe we reasonably also have discretion to refuse to consider a late filed appeal. Under the circumstances of this case, we should decline to address the merits of the defendant's claim that collaterally attacks the underlying judgment. This action was commenced in 2009, and the record reveals that the case was particularly contentious and reaching agreement on the financial orders was problematic. The case was referred to the family relations office several times during its two year pendency in an attempt to resolve multiple issues. To the credit of the parties, their trial lawyers and the

family relations office, over time, most of those issues were resolved by agreement. As of the date of trial, only a few outstanding matters remained. I have no doubt that had the plaintiff filed a timely motion to dismiss that portion of the appeal relating to the February 8, 2011 judgment, this court would have granted that motion. For these reasons, I believe that we should exercise our discretion and refuse to address the merits of a stale claim relating to the child support and arrearage guidelines in the underlying judgment. Accordingly, I would affirm the judgment of the trial court.