RANDI SHAMITZ *v.* JONATHAN TAFFLER
(AC 34034)

Gruendel, Keller and Mihalakos, Js.

---

Argued May 28—officially released August 20, 2013

*Barbara A. Stark,* for the appellant (plaintiff).

*Opinion*

KELLER, J. The plaintiff, Randi Shamitz, appeals from the judgment of the trial court denying her postjudgment motion to modify the orders of the court regarding the child support and alimony obligations[1] of the defendant, Jonathan Taffler.[2] The plaintiff claims that the court improperly concluded that she failed to demonstrate a substantial change in circumstances because the court disregarded evidence of changes in her financial circumstances and those of her children.[3] We affirm the judgment of the trial court.

---

[1] In her motion for modification, the plaintiff also sought to modify the order of the court regarding the parties' visitation arrangement that was issued in connection with the judgment of the court dissolving their marriage. During the hearing on the motion for modification, the plaintiff's counsel indicated that the plaintiff was proceeding on her motion for modification only as it pertained to child support and alimony. Accordingly, the court did not consider a modification to the visitation arrangement and that aspect of the motion for modification is not at issue in this appeal.

[2] Because the defendant did not file a brief with this court, this decision is made solely on the basis of the record, the plaintiff's appellate brief, and the plaintiff's oral argument before this court.

[3] The plaintiff also claims that the court improperly concluded that she was barred from seeking a modification or having the merits of her motion considered because she sought to obtain income from the value of the defendant's business, part of which already had been allocated to the plaintiff as part of the marital property distribution. Our review of the record indicates

The following undisputed facts and procedural history are relevant to our resolution of this appeal. The parties married on June 25, 2000, in Westport. The plaintiff filed a marital dissolution complaint on April 4, 2009. On September 15, 2010, the parties filed a separation agreement, which, on the same day, the court approved and incorporated by reference into its judgment dissolving the parties' marriage. The parties have two minor children, both of whom had yet to reach the age of twenty-three at the time of the court's judgment dissolving the marriage.

In the separation agreement, the parties included sections regarding alimony and child support. The alimony section of the agreement provided that the defendant was to pay the plaintiff "periodic alimony of one dollar per year until the death of either party, the [plaintiff's] remarriage, or five . . . years from the date the alimony increases above [one dollar] per year, whichever first occurs." The alimony section also specifically stated that the alimony term was to be nonmodifiable and that "[i]n no event shall it extend beyond the date the youngest child graduates from high school." In addition, the agreement set forth the tax implications of any future orders of alimony payments from the defendant to the plaintiff and stated that "[t]he [plaintiff's] right to receive alimony shall be subject to [General Statutes §] 46b-86 (b) as it may be amended and applicable case law regarding her cohabitation."

The child support section of the separation agreement provided in relevant part: "No specific order for direct child support shall enter at present. The parties ask the [c]ourt to approve this [a]greement as being in the best interests of the children based on the coordination of total family support, property settlement, and

that the court made no such conclusion, and, accordingly, we find no merit in this claim.

tax implications contained in the [a]greement in that the parties' comprehensive settlement enhances the economic benefits to the children. All obligations for the payment of child support and child-related expenses as provided herein shall continue until that child dies, marries, or reaches the age of [eighteen], whichever first occurs. However, if a child at age [eighteen] is still enrolled full time in high school and living with one parent, the parents' obligation for child support for that child shall continue until the child's graduation from high school or age [nineteen], whichever first occurs."

Under the child support section, the parties agreed that, for as long as the parties cohabited the marital home in Wilton, the defendant would pay the plaintiff $750 per month for the family's monthly groceries and household supplies. The agreement also provided that the defendant would (1) pay for the children's school lunches until they graduate from high school, (2) contribute $500 per birthday per child through each child's tenth birthday, (3) pay up to $35 for birthday gifts for birthday parties that the children attend, (4) pay for 100 percent of the children's extracurricular expenses for three years after judgment is entered and then 75 percent of such expenses for the duration of the child support obligation, (5) pay the plaintiff $84 per month per child for clothing purchases until the date a child begins college or the date of the child's high school graduation if the child does not attend college, and (6) pay the plaintiff $84 per month per child for the children's miscellaneous expenses for as long as he is obligated to pay child support. In addition, the agreement provided that "the parties will allocate cost for child care necessary for the [plaintiff's] employment pursuant to the child support guidelines and related case law."

On May 3, 2011, the plaintiff filed a motion for modification, in which she requested an increase in child support and alimony.[4] A hearing on the plaintiff's motion was held before the court on October 24, 2011, in which the court heard testimony from the parties and the plaintiff's expert witness on the defendant's current earnings, earning capacity, and business. The plaintiff testified that the marital home of the parties sold in April, 2011, that she had since moved to a different residence with her children, and that she was paying $3000 in rent at the time of the hearing on the motion for modification. The testimony and evidence presented at the hearing primarily focused on the defendant's earning capacity and the plaintiff's argument that there had been a substantial change in circumstances since the dissolution of the marriage due to certain changes in her financial circumstances.[5]

At the conclusion of the hearing, the court orally denied the plaintiff's motion, after stating the following: "It appears to me from the testimony that was presented . . . that the manner in which the defendant has been

[4] On the modification form, the plaintiff selected both options listed as possible explanations for her request for a modification. She claimed that there had been a substantial change in circumstances because the parties' marital home had been sold, the parties had separated, and the defendant's support to her had decreased, while her expenses had increased. In response to the second prompt on the form, which states: "[t]he final order for child support is substantially different from the Child Support Guidelines as follows," the plaintiff stated only that the parties were "[l]iving together at [the] time of [the] original order."

[5] We note that, during the preliminary discussion between the court and the plaintiff's counsel, the plaintiff's counsel stated that "there was minimal child support that was not in accordance with the guidelines . . . ." On the basis of our review of the transcript of the hearing, however, it cannot fairly be said that this isolated statement served to advance an argument that the plaintiff should be granted a modification because the final order of child support was substantially different from the presumptive amount under the child support guidelines as the hearing focused almost exclusively on the plaintiff's claim that there had been a substantial change in circumstances.

reinvesting in his company has been continuing and ongoing. It was that way during the course of the marriage. It was that way at the time of the dissolution. It's that way now. Also at the time of the dissolution, the plaintiff received a portion, a share, from a value of the [defendant's] business. She's now trying to double dip into that to get a stream of income from an asset that she received a portion of.[6] The situation in terms of his employment hasn't changed. It has in terms of his income. It's less than it was at the time of the dissolution. So, I don't even have to reach to the point of whether . . . there's an earning capacity because there has been no change in circumstance. The plaintiff has not sustained her burden in terms of proving whether . . . there has been a substantial change in circumstance."

The plaintiff filed the present appeal on November 10, 2011. During the pendency of this appeal, on October 4, 2012, the plaintiff filed a motion for articulation of the judgment of the court denying her motion for modification. The court denied the motion for articulation on November 14, 2012, stating in the order that the "court explained its decision at [the] time of [the] order." The plaintiff did not file a motion for review of the court's denial of her motion for articulation.

We first set forth the standard of review and relevant legal principles governing the plaintiff's claim. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . .

---

[6] We note that the plaintiff's claim set forth in footnote 3 of this opinion appears to refer to this portion of the court's oral decision. As is evident from the transcript of the court's decision, the court makes no finding that the plaintiff's motion for modification was barred or that the court would not consider the merits of her motion as a result of the court's observation regarding the plaintiff's share in the defendant's business.

In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Trial courts have broad discretion in deciding motions for modification." (Internal quotation marks omitted.) *Pite* v. *Pite*, 135 Conn. App. 819, 824, 43 A.3d 229, cert. denied, 306 Conn. 901, 52 A.3d 728 (2012).

"As to the substantial change of circumstances provision of § 46b-86 (a),[7] [w]hen presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and . . . make an order for modification. . . . A party moving for a modification of a child support order must clearly and definitely establish the occurrence of a substantial change in the circumstances of either party that makes the continuation of the prior order unfair and improper. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Internal quotation marks omitted.) *McKeon* v. *Lennon*, 131 Conn. App. 585, 598, 27 A.3d 436, cert. denied, 303 Conn. 901, 31 A.3d 1178 (2011). "Following [a finding of a substantial change in circumstances], the court then answers the question of modification [of alimony], taking into account the general alimony factors found in [General Statutes] § 46b-82."

---

[7] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. . . ."

*Gervais* v. *Gervais*, 91 Conn. App. 840, 854, 882 A.2d 731, cert. denied, 276 Conn. 919, 888 A.2d 88 (2005).

"It is well established that [t]his court does not presume error on the part of the trial court; error must be demonstrated by an appellant . . . ." (Internal quotation marks omitted.) *Acadia Ins. Co.* v. *O'Reilly*, 138 Conn. App. 413, 419, 53 A.3d 1026 (2012), cert. denied, 308 Conn. 904, 61 A.3d 1097 (2013). "It is axiomatic that the appellant must provide this court with an adequate record for review. See Practice Book § 61-10 . . . . [W]here a party is dissatisfied with the trial court's response to a motion for articulation, [she] may, and indeed under appropriate circumstances [she] must, seek immediate appeal of the rectification memorandum to this court via the motion for review." (Internal quotation marks omitted.) *Emrich* v. *Emrich*, 127 Conn. App. 691, 706, 15 A.3d 1104 (2011).

The plaintiff claims that the court erred in concluding that she had failed to demonstrate a substantial change in circumstances because the court disregarded evidence regarding changes in the financial circumstances of the plaintiff and the parties' children. Specifically, the plaintiff argues that, because the court only made findings related to the defendant's income and employment in its oral decision denying her motion, the court disregarded evidence that the marital home had been sold, that the parties no longer lived together, and that she had increased living expenses when she moved for a modification of alimony and child support. We are not persuaded.

Preliminarily, we note an inconsistency in the plaintiff's arguments on appeal in that she argues that it was error for the court to deny her motion to modify the court's original child support order even though she simultaneously acknowledges that, in accordance with the terms of the parties' agreement that the court

adopted and incorporated by reference into the judgment of dissolution, the court never issued a specific order of direct child support. The separation agreement provided for some sharing of the children's expenses, but specifically stated that "[n]o specific order for direct child support shall enter at present." The plaintiff appears to suggest that even though the court did not issue a specific order of child support, the court's adoption of the provisions of the child support section of the separation agreement, under which the defendant agreed to pay certain amounts of money to support the children—namely, $336 per month for clothing and miscellaneous expenses—functioned as a modifiable child support order. Because we conclude that the court did not abuse its discretion in denying the plaintiff's motion for modification, we need not resolve the issue of whether the court's adoption of these provisions in the separation agreement constituted a specific order of child support.[8]

The plaintiff's claim that the court abused its discretion by disregarding evidence of changes in her financial

[8] In addition, we note that the record before us reveals that, in issuing its original financial orders in conjunction with the judgment of dissolution, including those that related to child support, the court failed to make a specific on-the-record finding that specified the presumptive amount of child support due under the child support guidelines or any findings regarding a deviation from that amount. To the extent that the court's adoption and incorporation of the separation agreement operated to produce child support orders accompanying its judgment of dissolution, the court's failure to make these specific findings was an abuse of its discretion. See *Deshpande* v. *Deshpande*, 142 Conn. App. 471, 478–79, 65 A.3d 12 (2013). Because, however, the plaintiff has not appealed from the court's original financial orders and instead has appealed from the subsequent denial of her motion for modification only on the basis that the court should have found a substantial change in circumstances, the court's error in issuing its *original* financial orders cannot form the basis for our resolution of the present appeal. See *State* v. *Carattini*, 142 Conn. App. 516, 529, 73 A.3d 733 ("[o]ur review is limited to those issues raised on appeal"), cert. denied, 309 Conn. 912, 69 A.3d 308 (2013); *State* v. *Lage*, 141 Conn. App. 510, 522, 61 A.3d 581 (2013) ("claims of error not raised before the trial court will not be considered by a reviewing court" [internal quotation marks omitted]).

circumstances and those of her children is unavailing because the court's oral decision does not demonstrate that it disregarded any evidence. The court had before it a motion for modification based upon the plaintiff's claim that there had been a substantial change in circumstances.[9] As such, before it could properly grant the motion, the court was required to make a threshold finding that there had been a substantial change in circumstances of one or both of the parties. The record reflects that the court heard testimony from the plaintiff about the sale of the marital home, her new living arrangements, and her increased living expenses, as well as testimony from the defendant and the plaintiff's expert regarding the defendant's earning capacity. Prior to its ruling, the court found that the defendant's employment situation had not changed and that he was earning less income than at the time of the dissolution, and concluded that there had been no change in circumstance with respect to the defendant. The court did not articulate any specific findings regarding the plaintiff's

[9] On her motion for modification form, the plaintiff selected both options listed as possible explanations for her request for a modification: (1) that "the circumstances concerning this case had changed substantially"; and (2) that "[t]he final order for child support is substantially different from the Child Support Guidelines . . . ." The plaintiff's statement that the parties were "[l]iving together at [the] time of [the] original order," however, was not responsive to the prompt for the second option, which specifically asked for an explanation as to how the final order for child support was substantially different from the child support guidelines. Further, the testimony and evidence presented at the hearing focused solely on the plaintiff's argument that there had been a substantial change in circumstances since the dissolution of the marriage. As such, it cannot be said that the court had before it a claim that the final order of child support was substantially different from the child support guidelines, and, therefore, the court properly confined its ruling to whether there had been a substantial change in circumstance. Moreover, during her oral argument before this court, the plaintiff, through counsel, explicitly confirmed that she is not pursuing a claim on appeal that the court erred by failing to find that the final order of child support was substantially different from the amount dictated by the guidelines and instead is only claiming that the court erred by failing to find a substantial change in circumstances.

claimed changes. The court then denied the plaintiff's motion after concluding that the plaintiff had not sustained her burden of proving that there had been a substantial change in circumstances since the dissolution of the parties' marriage.

Because the court's oral decision was silent as to the sale of the marital home, the parties' independent living arrangements, and the plaintiff's increased living expenses, the plaintiff seeks to have us infer that the court improperly disregarded this evidence in concluding that she had failed to demonstrate a substantial change in circumstances. Without more, however, we cannot and will not draw such an inference when it is not apparent from the court's decision. See *Acadia Ins. Co.* v. *O'Reilly,* supra, 138 Conn. App. 419. Although the court denied the plaintiff's motion for articulation of its decision, the plaintiff failed to move for review of that denial in this court. Because the plaintiff has failed to take the appropriate steps to provide us with an adequate record from which we can discern any error by the court, we will not presume such error. Making every reasonable presumption in favor of the correctness of the court's decision on the basis of the record before us, we conclude that the court did not abuse its discretion in denying the plaintiff's motion for modification.

The judgment is affirmed.

In this opinion the other judges concurred.