******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

Lavine, Sheldon and Elgo, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from various postjudgment orders of the trial court denying in part his motion for modification of unallocated alimony and child support, granting in part the plaintiff's motion for clarification and awarding the plaintiff attorney's fees incurred defending the motion for modification, and granting the plaintiff's motion for attorney's fees and expenses pending appeal. *Held*:

1. The defendant could not prevail on his claim that the trial court improperly denied in part his motion for modification by rejecting his request to modify his unallocated alimony and child support obligation:

a. The trial court did not abuse its discretion by denying the defendant's request to modify his unallocated alimony and child support obligation without first making findings under the child support guidelines; the defendant having failed to allege in his motion to modify or to raise at trial his claim that the order imposing the unallocated alimony and child support obligation substantially deviated from the child support guidelines, the court properly did not make findings under those guidelines once it concluded that there was insufficient evidence of a substantial change in circumstances to warrant modification to the unallocated alimony and child support obligation.

b. The defendant's claim that the trial court, in denying in part his motion for modification, made an erroneous factual finding was unavailing; that court's finding that the defendant had admitted in his motion for modification that he had not experienced a substantial change in circumstances was not clearly erroneous and was supported by the record and the statements of the defendant at trial.

c. The trial court did not abuse its discretion in finding that the defendant failed to establish a change in circumstances to warrant modification to the unallocated alimony and child support obligation; the defendant having failed to state the basis on which he sought modification of his unallocated alimony and child support obligation, the trial court reasonably interpreted the defendant's request to modify his unallocated alimony and child support obligation as seeking a modification on the basis of a change in legal or physical custody, which did not occur, and although the defendant presented evidence of his increasing debt and filed financial affidavits with the court, the defendant failed to meet his burden of clearly and definitely establishing a substantial change in his financial circumstances so as to warrant a modification of his unallocated alimony and child support obligations.

2. The trial court abused its discretion in granting in part the plaintiff's motion for clarification and awarding the plaintiff attorney's fees incurred defending the defendant's motion for modification, as the bad faith exception to the general rule precluding an award of attorney's fees was not applicable here; the trial court did not make a finding that the defendant acted in bad faith by filing his motion for modification, and by granting in part the defendant's motion for modification, the court did not find that the defendant's claims were entirely without color.

The record was inadequate to review the defendant's claim that the trial court abused its discretion by granting the plaintiff's motion for attorney's fees and expenses pending appeal without considering the financial abilities of the parties, that court not having stated the basis for its award and the defendant having failed to object to the plaintiff's motion or to attend the hearing on the motion.

Argued November 29, 2018–officially released March 26, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other

relief, brought to the Superior Court in the judicial district of Fairfield and tried to the court, *Gould, J.*; judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Wenzel, J.*, granted in part and denied in part the defendant's motion for modification of alimony and child support, and the defendant appealed to this court; subsequently, the court, *Wenzel, J.*, granted the plaintiff's motion for clarification and motion for attorney's fees pending appeal, and the defendant filed amended appeals with this court. *Reversed in part; judgment directed.*

*James Kennedy*, self-represented, the appellant (defendant).

*J. David Griffin*, for the appellee (plaintiff).

*Opinion*

ELGO, J. In this postdissolution marital dispute, the defendant, James Kennedy, appeals from the judgment of the trial court in connection with certain postjudgment orders entered in favor of the plaintiff, Fatima K. De Almeida-Kennedy. On appeal, the defendant claims that the court improperly (1) denied in part his motion for modification, (2) granted in part the plaintiff's motion for clarification, in which she requested, inter alia, that the court address her prior motion for attorney's fees, and (3) granted the plaintiff's motion for attorney's fees and expenses pending appeal. We reverse the judgment of the trial court with respect to the defendant's second claim but affirm the judgment in all other respects.

The following facts and procedural history are relevant to this appeal. The marriage between the parties was dissolved on August 2, 2010. The judgment of dissolution incorporated the parties' separation agreement, which provided, inter alia, that the defendant would pay the plaintiff $1000 per week in unallocated alimony and child support. On December 9, 2014, that judgment was modified by agreement of the parties to provide, inter alia, that the defendant would pay the plaintiff $900 per week in unallocated alimony and child support.

On December 28, 2015, the defendant filed the present motion for modification in which he requested, inter alia, that his unallocated alimony and child support obligation be modified.[1] On May 12, 2017, the plaintiff filed a motion for attorney's fees, asking the court to order the defendant to pay her attorney's fees incurred defending the defendant's motion for modification. The court received evidence on both motions in a trial held over the course of several days beginning on July 24, 2017, and concluding on August 2, 2017. By order dated September 29, 2017, the court granted in part and denied in part the defendant's motion for modification. Relevant to this appeal, the court denied the defendant's request to modify his unallocated alimony and child support obligation.[2]

The defendant filed the present appeal on October 27, 2017. On October 30, 2017, the plaintiff filed a motion for clarification as to the trial court's September 29, 2017 ruling, requesting, inter alia, that the trial court issue a ruling on her May 12, 2017 motion for attorney's fees. At the same time, the plaintiff also filed a motion for attorney's fees and expenses pending appeal. On November 16, 2017, the trial court held a hearing, which the defendant did not attend, on the plaintiff's motion for clarification and motion for attorney's fees and expenses pending appeal. On that same date, the court (1) granted in part the plaintiff's motion for clarification, ordering the defendant "to pay the sum of $11,250 to plaintiff's counsel as a sanction for bringing a baseless

motion," and (2) granted the plaintiff's motion for attorney's fees and expenses pending appeal, ordering the defendant to pay "an advance of $10,000 as a retainer to be applied with regard to the appeal from the court's order." Subsequently, the defendant filed two new appeals from the court's November 16, 2017 orders, which, pursuant to Practice Book § 61-9, we have treated as amendments to the defendant's original appeal. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly denied in part his motion for modification by rejecting his request to modify his unallocated alimony and child support obligation. We disagree.

We begin by noting that "[t]he well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Notwithstanding the great deference accorded the trial court in dissolution proceedings, a trial court's ruling . . . may be reversed if, in the exercise of its discretion, the trial court applies the wrong standard of law." (Citations omitted; internal quotation marks omitted.) *Gabriel* v. *Gabriel*, 324 Conn. 324, 336, 152 A.3d 1230 (2016).

The defendant claims that the trial court abused its discretion by (1) ordering the unallocated alimony and child support amount of $900 to continue without making findings under the child support guidelines, (2) concluding that the defendant admitted there was no change in circumstances, and (3) concluding that there was insufficient evidence of a change of circumstances to justify modification. We address each claim in turn.

A

The defendant claims that the court abused its discretion by ordering that his current obligation to pay unallocated alimony and child support be continued without making findings under the child support guidelines. He claims that his request to modify his unallocated alimony and child support obligation automatically triggers the court's duty to make specific findings pursuant to the child support guidelines, even if he made no such request. We disagree.

"[Section] 46b-86 governs the modification of [an unallocated alimony and] child support order after the date of a dissolution judgment. . . . Section 46b-86 (a)[3] permits the court to modify [unallocated alimony and]

child support orders in two alternative circumstances. Pursuant to this statute, a court may not modify [an unallocated alimony and] child support order unless there is first either (1) a showing of a substantial change in the circumstances of either party or (2) a showing that the final order for child support substantially deviates from the child support guidelines . . . ." (Citation omitted; footnote added; footnote omitted; internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 104 Conn. App. 482, 491–92, 934 A.2d 306 (2007), cert. denied, 285 Conn. 911, 942 A.2d 472 (2008).

In support of his request to modify his unallocated alimony and child support obligation, the defendant did not specifically allege either a substantial change in circumstances or that the December 9, 2014 order imposing that obligation substantially deviated from the child support guidelines. See footnote 1 of this opinion. The court read the defendant's request as seeking a modification of his unallocated alimony and child support obligation on the basis of a change in legal or physical custody and, in closing argument, the defendant specifically stated that he was "requesting financial modifications due to a substantial change in circumstance."[4]

On the basis of our review of the record, we conclude that the defendant never raised before the trial court his claim that his unallocated alimony and child support obligation substantially deviated from the child support guidelines.[5] "It is well established that an appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court. . . . The requirement that [a] claim be raised distinctly means that it must be so stated as to bring to the attention of the court *the precise* matter on which its decision is being asked. . . . The reason for the rule is obvious: to permit a party to raise a claim on appeal that has not been raised at trial—after it is too late for the trial court . . . to address the claim—would encourage trial by ambuscade, which is unfair to both the trial court and the opposing party. . . . It therefore follows that [a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Corrarino* v. *Corrarino*, 121 Conn. App. 22, 29–30, 993 A.2d 486 (2010).

The defendant argues that "[t]he court had a duty to review the prior record and apply due diligence in making the required determination [under the child support guidelines], even if not requested to do so by either party." We disagree.

To support this proposition, the defendant relies on General Statutes § 46b-215b (c), which provides: "In any proceeding for the establishment or modification of

a child support award, the child support and arrearage guidelines shall be considered in addition to and not in lieu of the criteria for such awards established in sections 46b-84, 46b-86, 46b-130, 46b-171, 46b-172, 46b-215, 17b-179 and 17b-745.'' The defendant argues that the court was required to consider and make findings under the child support guidelines when determining whether his unallocated alimony and child support obligation should be modified. The court, however, considered the defendant's request to modify his unallocated alimony and child support obligation on the basis of a substantial change in circumstances.

"In the context of a trial court's consideration of a motion to modify, the guidelines become relevant only *after* a change in circumstances has been shown, if that is the ground urged in support of modification . . . or in determining whether the existing child support order substantially deviates from the guidelines, if that is the ground urged in support of modification.'' (Citation omitted; emphasis added.) *Mullin* v. *Mullin*, 28 Conn. App. 632, 635–36, 612 A.2d 796 (1992). Accordingly, because the defendant did not raise as a basis for the court's review his claim that his unallocated alimony and child support obligation substantially deviated from the child support guidelines, the court properly did not make findings under the child support guidelines when it determined that there was not sufficient evidence of a substantial change in circumstances to justify modification. Accordingly, the defendant's claim fails.

B

The defendant next claims that the court abused its discretion in denying his request to modify his unallocated alimony and child support obligation because its conclusion that he "had admitted there was no change in circumstance'' was clearly erroneous. We disagree.

"With regard to the trial court's factual findings, the clearly erroneous standard of review is appropriate. . . . A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses.'' (Internal quotation marks omitted.) *Salzbrunn* v. *Salzbrunn*, 155 Conn. App. 305, 312, 109 A.3d 937, cert. denied, 317 Conn. 902, 114 A.3d 166 (2015).

In its September 29, 2017 order granting in part and denying in part the defendant's motion for modification, with respect to the defendant's request to modify his unallocated alimony and child support obligation, the court stated, "The defendant admits there is no claim for any substantial change in circumstance *in the*

*motion . . . .*" (Emphasis added.) In his brief, the defendant mischaracterizes the court's statement by omitting the court's specific reference to the defendant's motion. On the basis of our review of the trial transcript, including, specifically, the defendant's statements during closing argument; see footnote 5 of this opinion; we conclude that the court's finding as to the state of the record before it was not clearly erroneous. Accordingly, the defendant's claim fails.

### C

The defendant next claims that the court abused its discretion in concluding that there was not sufficient evidence of a change in circumstances to justify modification. We disagree.

"As to the substantial change of circumstances provision of § 46b-86 (a), [w]hen presented with a motion for modification, a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and . . . make an order for modification. . . . A party moving for a modification of a child support order must clearly and definitely establish the occurrence of a substantial change in the circumstances of either party that makes the continuation of the prior order unfair and improper. . . . The power of the trial court to modify the existing order does not, however, include the power to retry issues already decided . . . or to allow the parties to use a motion to modify as an appeal. . . . Rather, [t]he court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties. . . . The inquiry, then, is limited to a comparison between the current conditions and the last court order. . . . The party seeking modification bears the burden of showing the existence of a substantial change in the circumstances." (Citations omitted; internal quotation marks omitted.) *Weinstein* v. *Weinstein*, supra, 104 Conn. App. 492–93.

As previously indicated, the defendant did not state precisely on what basis he sought modification of his unallocated alimony and child support obligation. See footnote 1 of this opinion. The court reasonably read the defendant's request to alter his unallocated alimony and child support obligation as seeking a modification on the basis of a change in legal or physical custody; see footnote 4 of this opinion; a change which did not occur. The defendant argues that he also "articulated a request . . . to modify based on a change in financial circumstance right through closing argument," which the plaintiff does not dispute.

In support of his claim that the court improperly determined that he did not present sufficient evidence

of a substantial change in circumstances based on a change in "financial circumstances," the defendant raises three arguments. First, the defendant contends that "[t]he court erred in not taking [his increasing debt] into account in determining what evidence was sufficient in its mind to cross the threshold necessary to consider modifying the financial orders in this case." The defendant argues that "[t]he second basis for crossing the evidentiary threshold is [the] plaintiff's veracity as evidenced by her admittedly fabricated financial affidavits." Third, the defendant broadly states that the financial affidavits he had filed with the court support his contention that "his financial circumstances have changed and not just in terms of net income." He argues that "[t]he court had to at least consider this in reaching a conclusion, but it did not, and that was an abuse of discretion and plain error." We find the defendant's arguments unavailing.

The court found that the defendant did not meet his burden of showing sufficient evidence of a substantial change in circumstances. The record supports the court's conclusion. The defendant, who moved for the modification, had the burden of clearly and definitely establishing the occurrence of a substantial change in circumstances, here, the "financial circumstances" of either party. On the basis of our review of the record, we conclude that the court did not abuse its discretion in denying the defendant's request to modify his unallocated alimony and child support obligation.

II

The defendant next claims that the court improperly granted in part the plaintiff's motion for clarification because it abused its discretion in granting the plaintiff attorney's fees without making a specific finding of bad faith.[6] We agree.

"We begin by setting forth the standard of review and legal principles relevant to this claim. Whether to allow [attorney's] fees . . . and if so in what amount, calls for the exercise of judicial discretion. . . . An abuse of discretion in granting [attorney's] fees will be found only if [an appellate court] determines that the trial court could not reasonably have concluded as it did. . . .

"In *Berzins* v. *Berzins*, [306 Conn. 651, 661, 51 A.3d 941 (2012)], our Supreme Court noted that [t]he common law rule in Connecticut, also known as the American Rule, is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . One such exception is the inherent authority of a trial court to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. . . .

"Our Supreme Court explained the narrow scope of

this exception in *Maris* v. *McGrath*, [269 Conn. 834, 848, 850 A.2d 133 (2004)], in which [it] upheld a trial court's determination that attorney's fees should be awarded to the defendant because the trial court had found both that the case was wholly without merit and that the plaintiff repeatedly had testified untruthfully and in bad faith. [Our Supreme Court] reiterated principles that [it] previously had articulated indicating that a litigant seeking an award of attorney's fees for the bad faith conduct of the opposing party faces a high hurdle. . . . In *Maris*, and reiterated in *Berzins*, the court quoted its previous decision in *CFM of Connecticut, Inc.* v. *Chowdhury*, 239 Conn. 375, 393, 685 A.2d 1108 (1996), overruled in part on other grounds by *State* v. *Salmon*, 250 Conn. 147, 154–55, 735 A.2d 333 (1999), stating: We agree, furthermore, with certain principles articulated by the Second Circuit Court of Appeals in determining whether the bad faith exception applies. To ensure . . . that fear of an award of [attorney's] fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . and a high degree of specificity in the factual findings of [the] lower courts. . . . Whether a claim is colorable, for purposes of the bad-faith exception, is a matter of whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established. . . . To determine whether the bad-faith exception applies, the court must assess whether there has been substantive bad faith as exhibited by, for example, a party's use of oppressive tactics or its wilful violations of court orders; [t]he appropriate focus for the court . . . is the conduct of the party in instigating or maintaining the litigation. . . . The court held that *Maris* makes clear that in order to impose sanctions pursuant to its inherent authority, the trial court must find *both* that the litigant's claims were entirely without color *and* that the litigant acted in bad faith." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Light* v. *Grimes*, 156 Conn. App. 53, 66–68, 111 A.3d 551 (2015).

In the present case, the court granted in part the plaintiff's motion for clarification and awarded the plaintiff attorney's fees "as a sanction for bringing a baseless motion." The court, however, not only failed to find that the defendant had acted in bad faith, but also by granting in part the defendant's motion for modification, it cannot be said that the court found the defendant's claims to be entirely without color.[7] Accordingly, we conclude that the court abused its discretion in granting the plaintiff attorney's fees for opposing the defendant's motion for modification.

## III

The defendant's final claim is that the court improperly granted the plaintiff's motion for attorney's fees and expenses pending appeal because it abused its discretion by not considering the financial abilities of the parties. We decline to review that claim due to an inadequate record.

On October 30, 2017, the plaintiff filed a motion for attorney's fees and expenses pending appeal. The defendant did not object to the plaintiff's motion and did not attend the hearing on the motion. At the hearing, the court stated: "Hearing no objection, I'll grant that motion and order the defendant to pay an advance of $10,000 as a retainer to be applied toward attorney's fees incurred by the plaintiff with regard to the appeal from the court's order [on the defendant's motion to modify]." In its written order, the court did not make any factual findings or state the basis for its award.

"[General Statutes §] 46b-62 governs the award of attorney's fees in dissolution proceedings. That section provides in part that the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in [General Statutes §] 46b-82. . . . The criteria set forth in § 46b-82 are the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to [§] 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment. . . . An award of counsel fees under [§ 46b-62] calls for the exercise of judicial discretion. . . . In exercising its discretion, the court must consider the statutory criteria set out in §§ 46b-62 and 46b-82 and the parties' respective financial abilities." (Citation omitted; internal quotation marks omitted.) *Blum* v. *Blum*, 109 Conn. App. 316, 330–31, 951 A.2d 587, cert. denied, 289 Conn. 929, 958 A.2d 157 (2008).

In the present case, the record does not reveal the court's reasoning and whether, or to what extent, it considered the criteria set forth in § 46b-82. "It is a well established principle of appellate procedure that the appellant has the duty of providing this court with a record adequate to afford review. . . . [W]hen the decision of the trial court does not make the factual predicates of its findings clear, we will . . . assume that the trial court acted properly." (Internal quotation marks omitted.) Id., 331. Accordingly, due to an inadequate record, we are unable to address the defendant's claim that the court abused its discretion in awarding the plaintiff attorney's fees and expenses pending appeal.

The judgment is reversed only with respect to the award of attorney's fees incurred on the motion for modification and the case is remanded with direction to vacate that order. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] The defendant's motion for modification, as relevant to his request to modify his unallocated alimony and child support obligation, stated: "Paragraph 4 of the court's December 9, 2014 order provides, 'The parties agree that the [defendant's] obligation to pay unallocated support and alimony shall be reduced to $900 per week.' Neither the original August 2, 2010 court order nor the two subsequent December 9, 2014 orders modifying the original order provide for a term of the unallocated support period. Accordingly, [the defendant] seeks an order immediately terminating the unallocated support term and the entry of one of the following child support orders: 1. In the event that physical custody of both children is awarded to the [defendant], the following order shall enter: 'The [plaintiff] shall pay child support according to the guidelines in the amount of $x.00 per week to be paid biweekly.' 2. In the event that physical custody is not modified, 'The [defendant] shall pay the [plaintiff] child support in the amount of $x.00 per week according to the guidelines to be paid bi-weekly.' "

[2] The court's order stated in relevant part: "The third proposed modification seeks modification of the unallocated support and alimony award to [the] plaintiff. The defendant admits there is no claim for any substantial change in circumstance in the motion and the court finds there was no sufficient evidence of such in any event. This proposed modification is denied."

[3] General Statutes § 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support . . . may, at any time thereafter, be . . . modified by the court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a . . . ."

[4] In closing argument, the following colloquy between the court and the defendant occurred:

"[The Defendant]: One of the issues that is before the court is the issue of unallocated, and terminating unallocated.

"The Court: That's your third requested modification.

"[The Defendant]: Yes, Your Honor.

"The Court: I took that to be premised on if there's a change in sole legal custody, and—and/or a change in the primary physical custody that we would need to revisit the child support payments. Was that what that was about?

"[The Defendant]: I'm sorry, Your Honor. Absolutely—it's not only that, but also under what I understand is [§] 46b-86 (a). In other words, even if custody doesn't change, I'm still requesting financial modifications due to a substantial change in circumstance."

[5] In his reply brief, the defendant asserts that he raised "the second basis for modification" at trial. He cites to his closing argument, during which the following colloquy occurred:

"[The Defendant]: I am asking the court to take into account what my present financial circumstances are, and to order a modification on—

"The Court: And is that shown in your request for modification of the child support? Can you just show me where you say there's been a substantial change in my financial circumstances, and on that basis I'm asking you to change the ordered support?

"[The Defendant]: It was—to answer your question, no, Your Honor, it was something that I had, throughout this process, understood that in applying for the modification and including the financials, I had never understood that it was something that wouldn't come up in argument, and that my present circumstances would not be—could—might not be viewed. So I— I understand what Your Honor is saying. It's my understanding from the discussions had with [the plaintiff] throughout this process, it would—it would very much surprise me if—if it weren't something that—my understanding, Your Honor, was in providing in the F.M. 220 [worksheet for the Connecticut child support and arrearage guidelines] and the updated financial affidavit, it was my understanding that I didn't have to raise the

issue of substantial change because the statute . . . .

"The Court: What statute?

"[The Defendant]: I'm sorry, it's two statutes, Your Honor, 46b-86 (a) and then it's—I'm not sure if I have it correct, but it's in 46b-86, where it states that if your income changes by greater than 15 percent, then there's a rebuttable presumption that it's a—it's a substantial change in financial circumstance. I did not anticipate—

"The Court: No, but that doesn't address my concern, which is where do you put the other side on notice that you're claiming there's a substantial change in circumstance and that you're asking for a change in child support based on that.

"[The Defendant]: I had understood, Your Honor, throughout this process of 20 months that it was never something that was unclear. . . . And my understanding, Your Honor, by filing the F.M. 220 [worksheet for the Connecticut child support and arrearage guidelines] and filing the—the financial affidavit, it was my understanding that it could be put before the court at any time even up until now that the financial circumstances have changed."

We note that the following colloquy, which the defendant does not cite to in his brief, also occurred:

"The Court: And where has that been—where's the evidence on a substantial change in circumstance?

"[The Defendant]: Your Honor, during my testimony, and during my cross-examination, it was introduced both financial affidavits that are current versus 2014, and also income tax returns for 2014, 2015, 2016. Your Honor, I also submitted the—the Connecticut Guidelines for statutory child support. And if Your Honor—as Your Honor's reviewing that, it—it shows that the amount—the weekly amount including a 20 percent arrearage would currently be $456 weekly under the guidelines. And [the plaintiff's attorney], I know, has made arguments and—and suggested that deductions on the—on my federal tax return have some bearing on the financial affidavit. But, Your Honor, if you look at the calculations, they don't. Even—even if Your Honor disregarded my wife as a partner [in my business], which I don't believe would be valid or—or right—but even if Your Honor did disregard, even with an arrearage the weekly amount would be $688.80 according to the—according to the guidelines."

On the basis of our review of the transcript of the trial, however, it cannot fairly be said that these statements made in closing arguments served to advance an argument that the defendant should be granted a modification because the court's order of unallocated alimony and child support substantially deviated from the presumptive amount under the child support guidelines. See *Shamitz* v. *Taffler*, 145 Conn. App. 132, 136 n.5, 75 A.3d 62 (2013).

[6] The defendant also argues that the court improperly granted the plaintiff attorney's fees through a motion for clarification. Because we agree with the defendant that the court abused its discretion by not making a specific finding of bad faith, we need not address this argument.

[7] The defendant also claims that the court erred to the extent that it based its decision to award the plaintiff attorney's fees on Article XVII of the separation agreement. As a second basis for granting the plaintiff attorney's fees, the court stated at the hearing on the plaintiff's motion for clarification and motion for attorney's fees pending appeal: "Under Article 17 of the decree it provides that in the event either party has breached any agreement, the offending party shall pay to the other the attorney's fees and court costs incurred in the enforcement of this provision. I typically read those provisions to include not only the enforcement, but also the defense of claimed violations of the agreement, especially when they're so lacking in merit."

Although the defendant does not explicitly raise this concern, we note that the plaintiff never claimed that the defendant breached the separation agreement in her motion for attorney's fees or motion for clarification in which she reasserted her motion for attorney's fees. Rather, the plaintiff at all times sought attorney's fees pursuant to General Statutes § 46b-62. As our Supreme Court has explained, "due to the adversarial nature of our judicial system, [t]he court's function is generally limited to adjudicating the issues *raised by the parties* on the proof they have presented and applying appropriate procedural sanctions on motion of a party." (Emphasis in original; internal quotation marks omitted.) *Vertex, Inc.* v. *Waterbury*, 278 Conn. 557, 564, 898 A.2d 178 (2006). By raising this issue sua sponte at the hearing, which the defendant did not attend, the defendant was not afforded adequate notice of the issue addressed by the court. See *Pritchard* v. *Pritchard*, 103 Conn. App. 276, 288, 928 A.2d 566 (2007) (parties not

afforded "adequate notice of the issues the court intended to address"). Furthermore, the plaintiff does not defend, support, or address this issue on appeal. In light of the foregoing, we conclude that the court improperly found for the plaintiff on this alternative ground. See *Somers* v. *Chan*, 110 Conn. App. 511, 528–29, 955 A.2d 667 (2008) (court improperly reached issues not before it); *Haynes Construction Co.* v. *Cascella & Son Construction, Inc.*, 36 Conn. App. 29, 33–39, 647 A.2d 1015 (same), cert. denied, 231 Conn. 916, 648 A.2d 152 (1994).

———————————————